IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

FILED

10:13 am, 1/3/13

Tim J. Ellis
Clerk of Court

| | |
|---|---|
| In re ) | |
| ) | |
| MARIE KERSAINT DEMOSTHENES, ) | Case No. 12-20845 |
| ) | CHAPTER 7 |
| Debtor. ) | |

## ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY FILED BY VANDERBILT MORTGAGE & FINANCE, INC.

This matter came before the court for an evidentiary hearing on December 18, 2012 on the Motion for Order Granting Relief from Automatic Stay filed by Vanderbilt Mortgage & Finance, Inc. ("Vanderbilt") and the objection filed by the Marie Demosthenes ("Debtor").[1]  At the conclusion of this hearing, the court took the matter under advisement.  Having reviewed the record, testimony, evidence and arguments of the parties, the court grants the motion.

Debtor executed a Manufactured Home Promissory Note, Security Agreement and Disclosure Statement ("Note") on February 19, 2009.  Additionally, Debtor executed a Mortgage granting Vanderbilt a security interest on the property described as: "307 3rd Street, Chugwater, Wyoming...Together will all improvements now or hereafter erected on the property..."  The Mortgage was recorded in the Platte County Clerk's Office on February 19, 2009.

---

[1] This contested matter was initially scheduled for an evidentiary hearing on November 21, 2012, but due to the court granting Debtor's counsel's motion to withdraw, the court rescheduled the hearing to allow Debtor time to retain substitute counsel and/or prepare for the rescheduled hearing.

Debtor filed for Chapter 7 bankruptcy protection on August 22, 2012. At that time, Debtor was represented by counsel, Shelly Flot ("Flot"). Debtor listed the real property located at 307 Third Street, Chugwater, Wyoming with a value of $159,000.00 on her Schedule "A." Vanderbilt filed for relief from stay, asserting that it holds a lien on the real property and that Debtor is delinquent in her mortgage payments as she has not made a payment since June 2012. Debtor does not contest that she is in default of her payments.

Debtor asserted that (1) she retained counsel to represent her in this bankruptcy proceeding and paid her attorney a total amount of $1,000.00[2] to represent her; and, (2) the money she borrowed was for the purchase of the modular home, but did not include a secured interest in the real property.

The court's review of the record reflects that Flot filed the required Disclosure of Compensation of Attorney for Debtor ("Attorney Disclosure Statement"), disclosing that counsel received $694.00 for legal services including:

"a) Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

b) Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof..."

Additionally, the Attorney Disclosure Statement, specifically provides,

"...the above disclosed fee does not include the following services: Contested and adversarial matters..."

---

[2] The court assumes that this amount includes the filing fee also.

Ms. Flot filed a Motion to Withdraw as Attorney, which this court granted on November 20, 2012. The court is aware that Debtor was personally provided a copy of the Order Allowing Withdrawal of Counsel and the Order Rescheduling Hearing on November 21, 2012 allowing the Debtor time to retain substitute counsel or prepare to represent herself. Therefore, the court finds that Flot had not agreed to represent the Debtor regarding this contested matter and had allowed Flot to withdraw.

The Bankruptcy Code provides that "the court shall grant relief from stay for cause, including the lack of adequate protection; or (2) if the debtor does not have equity in the property and the property is not necessary for an effective reorganization.[3] The party requesting relief has the burden of proof on the issue of the debtor's equity in property; and the party opposing such relief has the burden of proof on all other issues. Vanderbilt asserts that the total debt owed on the note on the date the motion was filed was the amount of $150,849.66. This did not include additional delinquent payments after the motion was filed. The court's review of the record reflects (1) when taking into consideration, the additional delinquent payments and the debtor's homestead exemption, there is no equity in the property; and (2) the properly recorded mortgage reflects that Vanderbilt has a secured interest in the real property and "improvements." Debtor did not provide any evidence opposing these issues.

---

[3] §362(d).

Page 3

THEREFORE IT IS ORDERED the Motion for Order Granting Relief from Automatic Stay filed by Vanderbilt is granted.

DATED this 3rd day of January, 2013.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
John Patton
Marie Demosthenes